Filed 9/21/23  P. v. Wilson CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHRISTOPHER MICHAEL WILSON,<br><br>    Defendant and Appellant. | F085233<br><br>(Super. Ct. No. BF191035A)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Chad A. Louie, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Detjen, J. and Peña, J.

Defendant Christopher Michael Wilson was charged with felony vandalism, but was found incompetent to stand trial and was committed to the State Department of State Hospitals (DSH). Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no error and asking the court to determine whether there were any arguable issues on appeal. Defendant was afforded an opportunity to submit a supplemental brief but failed to do so in the time allotted. We have conducted an independent review of the record and find no error. We affirm.

## PROCEDURAL BACKGROUND

On July 27, 2022, the Kern County District Attorney filed a complaint charging defendant with felony vandalism (Pen. Code, § 594, subd. (b)(1)).[1] The complaint further alleged that defendant had suffered three prior "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On August 12, 2022, defendant's trial counsel expressed a doubt regarding defendant's competency within the meaning of sections 1367 and 1368. In response, the trial court ordered the proceedings suspended and two mental health professionals appointed to assess defendant's competency. On September 8, 2022, the court notified a licensed psychologist and a clinical psychologist of their appointments. On September 22, 2022, the licensed psychologist submitted a report recommending that the court find defendant was not competent to stand trial. On September 26, 2022, the clinical psychologist submitted a report making the same recommendation.

On October 4, 2022, the trial court found defendant incompetent to stand trial and referred the matter to Kern Behavioral Health and Recovery Services for placement and medication recommendations (§§ 1369, subd (a), 1370, subd. (b), 1370.01, subd. (b)).

On October 12, 2022, a psychiatrist employed by Kern Behavioral Health and Recovery Services submitted a report recommending that defendant be treated at a DSH

---

[1] All further statutory references are to the Penal Code.

2.

inpatient facility with involuntary psychotropic medication for unspecified schizophrenia and other psychotic disorder with the goal of restoring trial competency. The psychiatrist opined that a substantial likelihood existed that defendant would be restored to competency with the recommended psychotropic medication and that he could not be restored to competency without the recommended medication. He further opined that there was no medically indicated alternative treatment to address defendant's mental health condition.

On October 20, 2022, the community program director at Kern Behavioral Health and Recovery Services recommended that defendant participate in the restoration to trial competency training inpatient program with DSH.

On October 25, 2022, the trial court considered the two reports, ordered defendant to participate in the restoration to trial competency training inpatient program at DSH, and ordered defendant be involuntarily treated with psychotropic medication. (§§ 1370, 1370.01.) The court set the maximum time to restore defendant to competency at two years. While the court did not address conduct credit on the record, the minute order from the proceeding indicated that "[d]efendant [was] to receive no credit for time served."

On November 4, 2022, defendant sent a document to the clerk of the court who deemed the document a notice of appeal.

On April 18, 2023, defendant's appellate counsel sent a letter to the trial court, requesting that it correct the error in denying defendant presentence custody credits for the time he spent in jail and noting that the trial court retained the jurisdiction to do so (§ 1237.1).

On July 11, 2023, after defendant was apparently restored to competency, the trial court struck defendant's three prior strike convictions and sentenced him pursuant to a plea agreement as follows: on count 1, the court suspended imposition of sentence and granted defendant probation for a period of two years with the requirement that he serve

3.

one year in county jail.  The court also granted defendant credit for time served of 349 actual days credit and 348 days good and work time credit, which resulted in the jail sentence being deemed served in full.

## FACTUAL BACKGROUND[2]

On or about July 14, 2022, a credit union security guard was notified that defendant was throwing rocks at a car parked in the credit union's parking lot.  The security guard approached defendant and defendant "became violent and began cursing at the security guard."  Defendant moved toward the security guard despite being warned that he would be pepper sprayed.  The security guard pepper sprayed defendant and the Bakersfield police were called.

When Bakersfield police officers arrived, defendant told them that he "and his friends were 'tossing rocks at one another.'  He acknowledged that he might have accidentally hit a vehicle [with a rock]."

## DISCUSSION

As noted above, defendant's counsel filed a *Wende* brief identifying no basis for relief and asking that we review the record to determine whether there were any arguable issues on appeal.  Having carefully reviewed the entire record, we conclude that there is no arguable issue on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.

---

**2**    In the record before us, the only summary of defendant's underlying offense can be found in one of the section 1368 evaluations.  That evaluation summarized the police report generated in connection with defendant's offense.  Our factual summary is based on the facts set out in that evaluation.